Lowery, Appellant, *v.* Pittsburgh Coal Company.

Argued September 29, 1967. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Stephen I. Richman,* with him *Greenlee, Richman,
Derrico & Posa,* for appellant.

*Benjamin Diamond,* for Commonwealth, appellee.

*Anthony J. Polito,* with him *Rose, Schmidt and
Dixon,* for appellee.

Opinion by Mr. Justice O'Brien, November 28, 1967:

Appellant, from April, 1929, until June 4, 1955, had been employed as a coal miner by appellee, Pittsburgh Coal Company. On June 4, 1955, he suffered a myocardial infarction and from that time until his death was totally disabled. In July of 1963, he was informed that he was suffering from advanced silicosis and he filed a claim under the Occupational Disease Act, Act of June 21, 1939, P. L. 566, 77 P.S. §1201 et seq. Appellant died in August of 1964.

The referee denied appellant's claim on the basis of his refusal to find that appellant became totally disabled from silicosis within 4 years from the date of his last employment, as required by §301(c) of the Act. 77 P.S. §1401(c). The Workmen's Compensation Board affirmed the referee's denial of benefits, and an appeal to the Court of Common Pleas of Washington County was taken. That court heard the case en banc and reversed the board. The employer and the Commonwealth appealed to the Superior Court, which reversed the court of common pleas and reinstated the decision of the board, with one judge dissenting. We granted allocatur.

The majority of the Superior Court has undoubtedly correctly stated the law with respect to the review of decisions of the board. Certainly it is the claimant's burden to prove all of the elements necessary to support an award. There is no doubt that the credibility and weight of the testimony are matters for the board to determine. Nor is the board required to accept the testimony of any witness, even though the testimony is uncontradicted. No citations of authority are required to support the proposition that the board, as the final fact-finding body, must determine whether the claimant has sustained his burden, and that the question on review is not whether the evidence would sustain the

board's finding, but whether there was a capricious disregard of competent evidence.

As previously stated, the Superior Court majority has clearly defined the applicable principles of review of decisions of the board. The difficulty arises in the application of those principles to the peculiar facts of the instant case.

In order to determine whether the board ignored or capriciously disregarded competent evidence, we must examine the record to determine what the medical evidence was. That evidence, briefly summarized, is as follows: The physician who made the diagnosis of silicosis in 1963 testified that the condition was one of long standing, and that in his opinion, the condition had existed in 1955 and 1956. The physician who had treated the decedent subsequent to his 1955 heart attack testified that he did not diagnose silicosis at that time. He explained that at that time he had no facilities to make such a diagnosis. He further testified that in the light of what he had learned subsequent to that time, it was now his opinion that the decedent's disability for at least the period from one year after his 1955 heart attack until his death was caused by silicosis. There is no dispute that the decedent had silicosis, and that silicosis was, in fact, the cause of death. The employer offered no medical testimony of any kind.

The board found the medical testimony offered by the appellant to be "competent, but not credible". The board offers no explanation for its finding that the uncontradicted medical evidence was not credible. We are in agreement with the dissenting judge of the Superior Court that while it is true that the board should have wide latitude in finding the facts, and that the board is not required to accept the uncontradicted testimony of any witness, there is grave reason for limiting that standard of review in this case. The dissent-

ing opinion aptly states: "It is true that the Board is not required to accept the uncontradicted testimony of any witness at least where it is not corroborated. . . . In this case, however, the Board has exceeded even that authority, and wholly disregarded uncontradicted testimony which was substantiated by another, disinterested witness. In my view, this case demonstrates that the Board's discretion as the 'ultimate fact-finder' must be qualified by its obligation to deal rationally and coherently with the evidence before it. To reject the testimony of [the physician who diagnosed silicosis], on this record, by characterizing it as *'competent, but not credible'* seems to me so arbitrary as to require corrective action by this Court. The Board's terse and cryptic language, if approved by us, renders impossible any meaningful review of its action on appeal." (Emphasis in original)

It may be, as pointed out by the dissent, that the board is applying a rule which would exclude from consideration the testimony of an expert medical witness as to the date of the commencement of a disability where that date is prior to the doctor's first examination of the claimant. If the board is, in fact, applying such a rule, it should, as the dissent points out, "say so, and subject the rule to judicial scrutiny."

We are in agreement with the dissenting opinion in the Superior Court that the board has furnished an insufficient basis for an adequate review of its decision. That opinion states: "The real difficulty here is that we can discern nothing whatever from the Board's opinion. To acquiesce in its disposition of this case on the ground that 'it is for the Board as the final fact-finding body to determine from all the evidence whether claimant has sustained the burden resting upon him', seems to me to be an abdication of our judicial responsibility."

We conclude that the case must be remanded to the board so that it may more precisely explain its reasons for rejecting the claim, and so that effective judicial review of the board's decision may be had.

The order of the Superior Court is reversed, the orders of the Court of Common Pleas of Washington County and of the Workmen's Compensation Board are vacated, and the record is remanded to the Workmen's Compensation Board for further proceedings not inconsistent with the views expressed herein.