Frombach *v.* United States Steel Corp., and The Commonwealth of Pennsylvania.

Argued April 21, 1971, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Robert S. Glass,* for appellant.

*James D. Strader,* for appellee United States Steel Corporation.

*George Raptosh,* for appellee Commonwealth of Pennsylvania.

OPINION BY JUDGE MENCER, July 21, 1971:

This appeal arises as the result of a claim petition under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, 77 P.S. §1201 et seq., filed by Henry Frombach (appellant) on or about August 25, 1966, alleging that he was totally disabled from silicosis. By order dated December 9, 1969, the Referee dismissed the claim petition, *without discussion,* finding: "6. We find as a fact that claimant is not totally and permanently disabled as a result of silicosis." and "2. Since the claimant has failed to prove that he became totally disabled as a result of silicosis, he is not entitled to recover compensation under the provisions of the Pennsylvania Occupational Disease Act." On June 24, 1970, the Workmen's Compensation Board (Board) affirmed the Referee's order by the following opinion, which we quote *in toto*: "Per Curiam: This case is before the Board on appeal of the claimant. After considering the record and the argument of the parties we can find no compelling reason to disturb the decision of the Referee. We, therefore, affirm the Findings of Fact, Conclusions of Law and Order of the Referee. The appeal of the claimant is dismissed." On December 10, 1970, the Court of Common Pleas of Cambria County affirmed the Board's decision, saying, ". . . with the conflict of evidence we have here, the Board had the right to accept or reject the testimony of any witness" and the Board was not required to accept the testimony of any witness, even if uncontradicted. This appeal followed.

Our scope of review, since the decision of the Board was against the appellant-claimant, is whether the Board's findings of fact are consistent with each other and with its conclusions of law and order, and can be sustained without a capricious disregard of the evidence. *Irvin v. Plymouth Meeting Rubber Division,* 182 Pa. Superior Ct. 280, 126 A. 2d 491 (1956).

Appellant worked in a foundry for forty-two years, until June 30, 1965, and his exposure to a silica hazard is not in dispute. Disputed, however, is an alleged conflict between two medical reports, one resulting from an examination of appellant on December 16, 1966, by a Dr. Lantos,[1] and the other from an examination on March 12, 1968, by a Dr. Bloom.[2]

After reading 5 Gordy-Gray, *Attorneys' Textbook of Medicine* ¶¶205E.42, 205E.43, and 205E.70 (3d ed. 1970), we are inclined to accept appellant's contention that it is "a well known and thoroughly established medical fact that silicosis is an insidious and progressive disease", and we wonder if there really is a conflict (upon which the lower court relied) between the two medical reports, prepared more than a year apart,

---

[1] "Conclusion—These studies are indicative of adequate pulmonary function. SUMMARY: On the basis of this evaluation it is my opinion that this patient is not industrially disabled from a pulmonary standpoint. This man was able to work until he became eligible for Social Security benefits. The pulmonary disease he manifests at the present time is simple pneumoconiosis. He undoubtedly had this degree of involvement at the time he voluntarily stopped working. At that time, self-admittedly, he was able to perform the duties asked of him. Therefore, from a pulmonary standpoint, per se, it would seem reasonable that he could perform this same work today."

[2] "Conclusion—Marked obstructive disease. * * * Discussion and Conclusion—This man has nodular [final] stage silicosis. He is totally and permanently disabled for industrial purposes because of this condition which he acquired during his years of employment in the foundry."

or whether they could indeed be consistent with each other. Of course, it is well settled that where there is a conflict of medical opinion, it is the province of the compensation authorities to decide which conclusion will be adopted. *Chernetsky v. William Penn Stripping Co.,* 200 Pa. Superior Ct. 277, 188 A. 2d 770 (1963). The Board is not required to accept the testimony of any witness, even though the testimony is uncontradicted, *Lowery v. Pittsburgh Coal Co.,* 427 Pa. 576, 235 A. 2d 805 (1967), nor is the Board required to award compensation even where the defendant has presented no evidence, because it could conclude that the claimant has not met the burden of proof, or that his witnesses are not credible, and not worthy of belief even though uncontradicted. *Updegrove v. Floyd Wells Stove Co.,* 160 Pa. Superior Ct. 51, 53, 49 A. 2d 870, 872 (1946). Therefore, to choose the report of one specialist over the other does not in and of itself show a capricious disregard of evidence, and, even if the two medical reports are consistent, the Board is not obliged to follow either or both of them. But, the mere fact that our courts have consistently held that the Board is not required to *accept* the testimony of any witness, even one who is uncontradicted, is not to be distorted to mean that the Board may nevertheless *disregard* competent, credible medical testimony. Therefore, simply because there is a conflict of evidence, the court is not precluded from deciding that there was a capricious disregard of competent evidence.

Nonetheless, because of the barren manner in which the Referee and the Board reported their actions (without mention of either medical report), we are at a loss as to how we are to intelligently review this case. We agree with the dissenting Judge in the Superior Court's first disposition of *Lowery, supra,* when he said: "The Board's terse and cryptic language, if approved by us,

renders impossible any meaningful review of its action on appeal. . . . The real difficulty here is that we can discern nothing whatever from the Board's opinion. To acquiesce in its disposition of this case on the ground that 'it is for the Board as the final fact-finding body to determine from all the evidence whether claimant has sustained the burden resting upon him', seems to me to be an abdication of our judicial responsibility." 210 Pa. Superior Ct. 75, 82-83, 231 A. 2d 899, 903 (1967); quoted with approval, 427 Pa. at 580, 235 A. 2d at 807-808. We note that after the Supreme Court remanded in *Lowrey*, the Board, instead of merely stating conclusions without explication, observed the mandate of the Court and fully set forth the evidence it had received and the rationale of its decision. *See Lowery v. Pittsburgh Coal Co.*, 216 Pa. Superior Ct. 362, 366-368, 268 A. 2d 212, 214-215 (1970).

We conclude, in the words of the Supreme Court in *Lowery*, that this case "must be remanded to the Board so that it may more precisely explain its reasons for rejecting the claim, and so that effective judicial review of the Board's decision may be had." In short, when the question is raised, as Alexander Pope asked it, "Who shall decide when doctors disagree?",[3] the answer, admittedly, is: the Board decides, but it must do so in a manner conducive to judicial scrutiny.

The order of the Court of Common Pleas of Cambria County is vacated, and the record is remanded to the Workmen's Compensation Board for further proceedings consistent with this opinion.

---

[3] *Moral Essays*, Epistle III, line 1.