518 A.2d 345

Georgia Ruhl, Petitioner *v.* Workmen's Compensation Appeal Board (Erie County Geriatric Center and Aetna Life & Casualty), Respondents.

Submitted on briefs October 7, 1986, to Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Joseph J. May, Plate, Shapira, Hutzelman, Berlin, May, Walsh* and *Brabender,* for petitioner.

*John C. Brydon, Marsh, Spaeder, Baur, Spaeder &
Schaaf,* for respondents.

OPINION BY JUDGE MACPHAIL, December 5, 1986:

Georgia Ruhl (Claimant) appeals an order of the Workmen's Compensation Appeal Board affirming a referee's decision to grant a petition for termination of compensation filed by her employer, the Erie County Geriatric Center (Employer). We affirm.

Claimant worked as a nurse's aide for Employer until November 7, 1980 when she injured her back lifting a patient. A notice of compensation payable was filed pursuant to which Claimant received benefits for total disability. On June 15, 1981, a supplemental compensation agreement was entered into under which Claimant received partial disability due to the fact that she returned to work part-time on May 26, 1981.

On February 14, 1983, Employer filed a termination petition along with a physician's affidavit asserting that Claimant could return to her full-time, nurse's aide position as of that date. Claimant testified that she returned to her prior position on May 15, 1983 and suffered a recurrence of the back injury on that day. She further

testified that on May 25, 1983, while at home recuperating, her leg grew numb as a result of the back injury and that she fell and fractured her ankle.[1]

The referee granted Employer's termination petition, finding that as of February 14, 1983, all of Claimant's disability resulting from the November 7, 1980 injury had ceased. Claimant appealed to the Board which affirmed the referee's decision on December 31, 1984. Her petition for review of the Board's order is now before us.

Claimant argues that the referee committed reversible error in rejecting the uncontroverted medical testimony of her physicians concerning the alleged recurrence of the back injury and the subsequent ankle fracture without setting forth reasons therefor. We do not agree.

The employer bears the burden of proof when petitioning for termination of an employee's compensation benefits. *Waleski v. Workmen's Compensation Appeal Board (Times Mirror Magazine)*, 78 Pa. Commonwealth Ct. 75, 466 A.2d 796 (1983). Our scope of review is limited to a determination of whether any constitutional rights were violated, an error of law was committed, or a necessary finding of fact was not supported by substantial evidence. *Swink v. Workmen's Compensation Appeal Board (Burrell Construction and Supply Co.)*, 97 Pa. Commonwealth Ct. 623, 510 A.2d 860 (1986).

In workmen's compensation cases, the referee is the ultimate finder of fact. *Evans v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.)*, 87 Pa. Commonwealth Ct. 436, 487 A.2d 477 (1985). Ques-

---

[1] Employer maintains in its brief to this Court that Claimant filed a petition for reinstatement of benefits on August 7, 1984, based on these alleged injuries and that that petition is still pending.

tions of credibility, resolution of conflicting testimony and the weight to be given the evidence are all matters to be resolved by the fact-finder. *Stewart v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 266, 439 A.2d 1304 (1982). Further, it is within the referee's discretion to decide between conflicting medical testimony, *Harkins v. Workmen's Compensation Appeal Board (Gulf Oil Corp.),* 98 Pa. Commonwealth Ct. 441, 511 A.2d 927 (1986), and he may accept or reject the testimony of any witness in whole or in part. *Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.),* 98 Pa. Commonwealth Ct. 341, 510 A.2d 1294 (1986).

In the case *sub judice,* it was the referee's prerogative to accept the testimony of Employer's physician that Claimant was able to return to work as of February 14, 1983. He, accordingly, was entitled to reject the testimony of Claimant and her physicians that she had suffered a recurrence of the original back injury and the new ankle injury in May of 1983. Our review of the record indicates that the referee's critical finding[2] was supported by substantial evidence and, as such, we are bound to accept it.[3] *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility),* 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

---

[2] The referee's finding of fact number 8 reads as follows:

Taking into consideration all the testimony in the record, including lay and medical, your Referee finds that as of February 14, 1983, all of Claimant's disability as a result of her injury of November 7, 1980, ceased and terminated and she was able to resume her former occupation as a nurse's aid [sic] without limitation.

[3] We have previously defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 82 Pa. Commonwealth Ct. 390, 392, 476 A.2d 1377, 1379 (1984).

We reject Claimant's argument that the referee erred in not stating his reasons for rejecting her physicians' testimony. Her reliance on *Lowery v. Pittsburgh Coal Co.*, 427 Pa. 576, 235 A.2d 805 (1967), for this proposition is misplaced. There, the Board rejected medical testimony it found "competent but not credible," offering no reason for this finding. The Supreme Court found this to be an arbitrary conclusion and remanded the matter so that the Board could explain its reasons for rejecting the testimony. The Court was concerned that the Board's "terse and cryptic language" would make meaningful review of the action impossible. *Id.* at 580, 235 A.2d at 807.

In the instant case, the record demonstrates that the referee considered all testimony in reaching his conclusion but chose to accept the Employer's as being more credible. We are satisfied that the record supports this finding and allows meaningful review of the matter. *See Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982) (*Lowery* distinguished on similar grounds).

We find, therefore, that the referee properly exercised his discretion as fact-finder in rejecting the testimony of Claimant's physicians in favor of that of Employer's and, accordingly, we will affirm the order of the Board sustaining the referee's granting of Employer's termination petition.

## ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is affirmed.