604 A.2d 1127

**VICTOR'S JEWELERS and Seneca Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BERGELSON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1992.

Decided Feb. 20, 1992.

James V. Bielunas, for petitioners.

Thomas F. McDevitt, for respondent.

Before DOYLE and MCGINLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Victor's Jewelers (Victor's) petitions this Court for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying its petition for termination, suspension or modification of compensation (petition) awarded to claimant Gilbert Bergelson (Bergelson).

On August 24, 1985, while in the employ of Victor's, Bergelson sustained a work-related injury. A notice of compensation payable was filed, and benefits were paid.

At the hearing on the present petition, Victor's presented the testimony of two orthopedic surgeons and a neurologist-psychiatrist. Bergelson testified and outlined his present complaints of injuries but presented no medical testimony.

■ At the outset, we are faced with a determination of our scope of review. Victor's contends that the appropriate scope of review is whether the agency erred as a matter of law or capriciously disregarded competent evidence. Victor's cites *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), which in turn cites *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987) and *Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987), for this proposition. This scope of review, however, is reserved for cases in which the party having the burden of proof is the only party presenting evidence yet fails to prevail before the agency.

■ Bergelson, on the other hand, contends that this Court's function in reviewing the Board's decision is to ascertain whether there was substantial evidence to support the decision of the referee or an error of law.

We agree with Bergelson's contention that our scope of review in this case is not whether the referee capriciously disregarded competent evidence but whether there was substantial evidence to support the referee's findings as affirmed by the Board. Our use of the "capricious disregard" standard would be improper here, where Bergelson testified, albeit upon cross-examination by Victor's attorney, to numerous serious, existing symptoms which prevent him from returning to his former employment, such as constant low back pain and numbness in his fingertips and feet.

This Court has held "severe pain, even without evidence of anatomical cause, will support a finding of continued

disability," and that "a referee can give more credence to a claimant's testimony regarding incapacitating pain than to a doctor's testimony". *Hygrade Food Products v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 448, 452, 437 A.2d 89, 91 (1981). We have also held that "the fact that [an employee's] pain is subjective in nature does not negate the fact that she still suffers from it". *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn)*, 79 Pa.Commonwealth Ct. 638, 642, 470 A.2d 210, 212 (1984) (footnote omitted).

Thus, we conclude that this case is not one where there was no evidence produced to support the prevailing party such that a "capricious disregard" standard need be applied. Instead, the referee here employed the appropriate scope of review in accepting the evidence adduced from Bergelson as competent and substantial and in rejecting Victor's experts' conclusions that Bergelson could indeed return to work.

■■■ Victor's next argues that the referee erred as a matter of law in failing to articulate reasons for rejecting the medical testimony it presented and in basing his decision on mischaracterized medical testimony.

In support of its argument that the referee failed to articulate reasons for his rejection of the medical evidence, Victor's cites *Frombach v. United States Steel Corporation*, 2 Pa.Commonwealth Ct. 556, 279 A.2d 779 (1971). That case is inapposite. There the referee and the Board did not mention the medical report produced by either party but merely determined that the claimant was not disabled as a result of silicosis. In this case, the referee accepted Bergelson's testimony and rejected the testimony offered by Victor's medical experts.[1]

Also, although not artfully expressed, in language which in no way impeded our reviewing function, the referee

1. Victor's also cites *Lowery v. Pittsburgh Coal Co., Division of Consolidation Coal Company*, Inc., 427 Pa. 576, 235 A.2d 805 (1967), to buttress its argument in this regard. In *Lowery*, rejection of uncontradicted, corroborated medical testimony by the Board, which was the final fact-finder, by a characterization of it as "competent, but not

rejected the conclusions of Victor's medical experts that Bergelson could return to work and determined that Victor's did not meet its burden of proof in this petition. Victor's argument that the referee failed to articulate reasons for rejecting the medical testimony, so as to preclude effective judicial review, is, therefore, uncompelling.

The referee made the following findings of fact:

The Defendant present [sic] the testimony of Dr. Theodore M. Kushner, M.D. who testified that he had examined Claimant on October 9, 1987 and found that Claimant complained of headaches, numbness of the right arm and leg. Dr. Kushner performed both neurological and psychiatrist testings which gave no objective explanation for Claimant's complaints of frontal headaches or numbness.

Defendant also presented the testimony of Dr. Joseph Shatouhy, M.D. and Dr. E. James Kohl, M.D. both doctors found no objective findings to explain Claimant's complaints and opined that Claimant would be able to return to work without limitation as of the date of their examination.

The Referee has reviewed all evidence submitted and finds that the Claimant's testimony is both credible and convincing that he continues to suffer headaches, numbness to both his right arm, leg, fingers and toes that prevent him from returning to his former employment with the Defendant. The Referee also finds that the Defendant's physicians were unable to make objective findings that they did not adequately examined [sic] the credible symptoms that the Claimant continues to suffer and prevents his return to former employment.

(Referee's Findings of Fact Nos. 6–8).

It is apparent from these findings that the referee determined the doctors' examinations of Bergelson were inadequate to explain his subjective complaints of pain and

credible" was deemed, on that record, "so arbitrary as to require corrective action ..." *Id.*, 427 Pa. at 580, 235 A.2d at 807. The Board's language, however, is far removed from the language used by the referee in the factual findings presently before us.

numbness and that the doctors were unable to make objective findings as to the cause of those complaints. Our review of these findings as a whole fails to persuade us that the referee erred in basing his decision on mischaracterized medical testimony.

In sum, Victor's makes arguments which are based on an incorrect scope of review. The referee based his decision on the substantial evidence of Bergelson's complaints made not only at the hearing but to each doctor produced by Victor's, which were accepted as credible.[2]

There is, therefore, no valid reason to disturb the decision of the referee as affirmed by the Board.[3]

Accordingly, we affirm.

## ORDER

And now, this 20th day of February, 1992, the order of the Workmen's Compensation Appeal Board, No. A89–2296, dated May 31, 1991, is affirmed.

2. Dr. Kushner, the neurologist-psychiatrist presented by Victor's, also testified that he had no reason to doubt Bergelson's symptoms. (Notes of Testimony, deposition of Theodore Kushner, M.D., 3/1/85, p. 81).

3. We note that Victor's does not alternatively allege a partial disability so that the question of the degree of disability is not an issue.