**GREENWICH COLLIERIES, Petitioner,**

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (BUCK),
Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 7, 1995.
Decided Sept. 6, 1995.

John J. Bagnato, for petitioner.

Blair V. Pawlowski, for respondent.

Before COLINS, P.J., and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

Greenwich Collieries (employer) appeals from an order of the Workmen's Compensation Appeal Board affirming the referee's decision which granted the occupational disease claim petition filed by Richard A. Buck (claimant). We affirm.

Claimant worked for 23 years as a coal miner, and the last 18 of those years were spent working for employer. Claimant's average weekly wage was $859.04, and his last day of employment was August 11, 1990.

On October 7, 1992, claimant filed a claim petition with the Bureau of Workers' Compensation alleging that he became totally disabled on August 27, 1992 as the result of his continuous exposure to coal and silica dust

while working for employer.[1] Claimant gave employer notice of his disabling pneumoconiosis on October 5, 1992 which, although not within twenty-one days of his injury, was within one hundred and twenty days of his injury as mandated by section 311 of the Act, 77 P.S. § 631.[2] Several hearings on claimant's claim petition were held before a referee.

The referee found that claimant's testimony established exposure to respirable coal mine dust while in the employ of employer. Claimant's primary medical evidence was developed through the examination, report and testimony of Dr. Sheonath P. Srivastava. Dr. Srivastava concluded that claimant had coal worker's pneumoconiosis and that he was disabled from doing his normal coal mining work as a result of such disease. Dr. Srivastava's conclusions were based upon claimant's history, physical examination, x-rays and pulmonary function studies.

Employer's primary medical evidence was developed through the report and testimony of Dr. Gregory J. Fino. Dr. Fino concluded that claimant did not have coal worker's pneumoconiosis and, therefore, did not have any pulmonary impairment or disability as a result of such disease. Dr. Fino's opinion was based upon claimant's history, physical examination, x-rays and pulmonary function studies and upon a review of medical records and the testimony of Dr. Srivastava.

Due to a conflict in the medical evidence with respect to the existence of pneumoconiosis and any resulting disability, the referee appointed an impartial physician to examine claimant and to offer an opinion as to those medical issues. Dr. Gordon A. Gress examined claimant on September 20, 1993, submitted a report dated October 13, 1993, and testified on November 18, 1993. Dr. Gress reviewed the reports of Drs. Srivastava and Fino, reviewed the other medical evidence of record, took claimant's history, performed a physical examination, took a chest x-ray, performed an electrocardiogram and pulmonary function studies and had claimant exercise on a treadmill. Dr. Gress agreed with Dr. Srivastava that claimant had developed simple coal worker's pneumoconiosis. However, he agreed with Dr. Fino that claimant had no disability due to such disease.

The referee found credible that portion of Dr. Gress's opinion which concluded that claimant had developed simple coal worker's pneumoconiosis. The referee further found that claimant became partially disabled on August 27, 1992 due to such disease. The referee based this finding on claimant's testimony, on his own observations of claimant and on his determination that the portion of Dr. Srivastava's opinion which diagnosed claimant as having disabling coal worker's pneumoconiosis was credible. The referee concluded that claimant had established by sufficient, competent, unequivocal medical evidence that he had disabling coal worker's

1. We note that section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411, states in pertinent part as follows:

   (1) The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .
   (2) The terms "injury," "personal injury," and "injury arising in the course of his employment," as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act.
   Pursuant to section 108(q) of the Act, the term "occupational disease" includes "[c]oal worker's pneumoconiosis, anthraco-silicosis and silicosis

(also known as miner's asthma or black lung) in any occupation involving direct contact with, handling of or exposure to the dust of anthracite or bituminous coal." 77 P.S. § 27.1(q).

2. Section 311 of the Act states in pertinent part as follows:

   Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed . . . The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.
   77 P.S. § 631.

pneumoconiosis as a result of his exposure to respirable coal mine dust and was, therefore, entitled to benefits pursuant to section 108(q) of the Act.

■ Employer appealed to the board which affirmed the referee's decision. The board concluded that the referee's decision was a "reasoned" one.[3] The board stated that a reasoned decision does not require the referee to explain why he found one witness credible and another witness not credible. Such a determination is subjective, and it is not expected that an objective explanation would be given. The board stated that a decision is reasoned if it summarizes the testimony which the referee found to be credible. For a medical witness, a summary is adequate if it states the history, examination and tests relied upon by the witness in rendering his opinion. The board concluded that the referee had done an adequate job in summarizing the testimony of each witness and had made credibility determinations which justified the granting of claimant's claim petition. Employer now appeals the board's determination to this court.[4]

■ In its appeal, employer raises the issue of whether the referee's determination is a "reasoned decision" as is required pursuant to section 422 of the Act, 77 P.S. § 834. Employer asserts that the referee's determination is not a reasoned decision because it does not explain the referee's reasoning and rationale for determining which evidence was credible. Without such an explanation, employer contends that there cannot be meaningful appellate review. We disagree.

As is stated in section 422 of the Act, a reasoned decision contains findings of fact and conclusions of law, based upon all of the evidence, which clearly and concisely state and explain the rationale for the referee's determination. 77 P.S. § 834. The referee must specify the evidence upon which he relied in making his decision. *Id.* Such statements and explanations allow all parties to determine why and how a particular result was reached. *Id.*

In this case, we conclude that the referee's decision contained findings of fact and conclusions of law which clearly and concisely explained the rationale for his decision and specified the evidence upon which he had relied in making his determination. The referee stated that he based his determination upon claimant's testimony, upon his own ob-

---

3. We note that the 1993 amendments to section 422 of the Act, 77 P.S. § 834, are applicable to the present case. *See Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). The present case is distinguishable from *Shadyside Hospital/Heritage v. Workmen's Compensation Appeal Board (Berry),* 163 Pa.Commonwealth Ct. 152, 639 A.2d 1337, *petition for allowance of appeal denied,* 538 Pa. 652, 647 A.2d 905 (1994), in which this court determined that the 1993 amendments to section 422 of the Act were not to be applied retroactively to a decision by the board. In *Shadyside Hospital/Heritage,* both the referee and the board issued their decisions prior to August 31, 1993, the effective date of the 1993 amendments to the Act. In the present case, the 1993 amendments to section 422 of the Act became effective prior to the referee issuing his decision on March 11, 1994.

All parties to an adjudicatory proceeding are entitled to a "reasoned decision" by a referee pursuant to section 422 of the Act, 77 P.S. § 834. Section 422 of the Act states in pertinent part as follows:

Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The adjudicator shall specify the evidence upon which the adjudicator relies in conformity with this section. The adjudication shall provide the basis for meaningful appellate review.

Prior to enactment of the 1993 amendments to the Act, section 422 of the Act stated as follows:

Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

4. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

servations of claimant and upon the opinions of Drs. Srivastava and Gress.

In support of its assertion that the referee's determination is not a "reasoned decision," employer directs this court's attention to our Supreme Court's decision in *Lowery v. Pittsburgh Coal Company,* 427 Pa. 576, 235 A.2d 805 (1967). In *Lowery,* a claimant presented uncontradicted medical testimony, which was substantiated by another witness, that he suffered from advanced silicosis. The board found the medical testimony offered by the claimant to be "competent, but not credible" and offered no explanation for its finding that the uncontradicted medical evidence was not credible. Our Supreme Court concluded that the case had to be remanded to the board so that the board could more precisely explain its reasons for rejecting the claim. *Lowery,* 427 Pa. at 581, 235 A.2d at 808. The board's action in rejecting uncontradicted medical testimony by characterizing it as "competent, but not credible" was so arbitrary as to require corrective action by the court. *Id.* at 580, 235 A.2d at 807.

Unlike *Lowery,* in the present case the referee did not merely render a bare bones conclusion which makes impossible any meaningful review of his determination on appeal. The referee summarized the testimony of each witness. He stated the grounds upon which the medical witnesses had relied in rendering their opinions. The referee noted which witnesses he found to be credible based upon their testimony. The referee also stated that his conclusion that claimant was disabled was based upon claimant's testimony, upon his own observations of claimant and upon his own credibility determinations. Thus, effective judicial review of the referee's determination is possible in the present case.[5]

█ Employer would like us to conclude that the referee's determination was not a reasoned decision because the referee did not specifically state why he found claimant's evidence more credible than employer's evidence. However, there is no requirement in section 422 of the Act that the referee specify why he found the testimony of one witness to be more credible than another witness.

█ It is well established that the referee, as fact finder, has exclusive province over questions of credibility and evidentiary weight, and the referee's findings will not be disturbed when they are supported by substantial, competent evidence. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano),* 134 Pa.Commonwealth Ct. 164, 578 A.2d 83 (1990). The referee is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 140 Pa.Commonwealth Ct. 461, 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991).

█ The 1993 amendments to the Act did not change the fact that all questions concerning the credibility of a witness are left to the sole discretion of the referee. Where there is substantial, competent evidence in the record to support the referee's findings, the reasons for a referee's credibility determinations become superfluous because this court does not have the authority to review credibility determinations. Moreover, to require a referee to specify in detail why he found one witness more credible than another would result in all sorts of challenges to the referee's powers of observation and analysis.

Based upon our review of the referee's findings of fact and conclusions of law, we conclude that the referee's determination was a "reasoned decision" in compliance with section 422 of the Act.[6]

---

5. At times, this court has been unable to give meaningful review to a referee's determination because the referee has not articulated which witnesses the referee has found to be credible. We note that the articulation of such credibility determinations is critically important to the appellate process.

6. In the argument portion of his brief, employer asserts that while the referee found that claimant was partially disabled, the referee did not address any issues regarding work availability. We note that in its statement of the question presented, employer only raises the issue of whether the referee's determination is a "reasoned decision" in accordance with section 422 of the Act.

*ORDER*

NOW, this 6th day of September, 1995, the order of the Workmen's Compensation Appeal Board, dated November 14, 1994, at No. A94–0944, is affirmed.

Pennsylvania Rule of Appellate Procedure 2116 states in pertinent part:

**(a) General Rule.** The statement of the questions involved must state the question or questions in the briefest and most general terms.... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

The issue of whether the referee should have granted total or partial disability benefits is not the same as or suggested by the issue of whether the referee's determination was a "reasoned decision" as mandated by section 422 of the Act. Accordingly, the issue raised by employer as to the nature of claimant's benefits has been waived.