**US AIRWAYS and Insurance Company of the State of Pennsylvania c/o Alexis, Inc., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (JOHNSTON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 9, 1998.

Decided June 23, 1998.

---

Patricia L. Wozniak, Pittsburgh, for petitioner, US Airways.

Steven R. Wolf, Canonsburg, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

US Airways (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) dismissing its termination petition. We affirm.

Carol Johnston (Claimant) sustained an injury while working as a flight attendant for Employer on May 18, 1992. Claimant commenced receiving temporary total disability benefits pursuant to a Notice of Compensation Payable issued by Employer for an injury described as a lumbosacral strain and injury to the right hip.

On May 12, 1995, Employer filed a termination petition alleging that as of May 1, 1995, Claimant had fully recovered from her work-related injury. At the WCJ hearing, Claimant testified on her own behalf and Employer introduced the deposition testimony of Dr. Charles J. Burke III. The WCJ credited the testimony of Claimant that she still experiences pain and discomfort as a result of her work-related injury and that she is not able to return to her job as a flight attendant. The WCJ found the testimony of Dr. Burke that Claimant's work-related injury had resolved not credible. Moreover, the WCJ also determined that Dr. Burke's testimony was equivocal. On appeal, the Board affirmed and this appeal followed.

Initially, we will address Employer's argument that this court's review is limited to determining whether the WCJ committed an error of law or capriciously disregarded competent evidence. Employer maintains that as it was the only party to present evidence and did not prevail before the fact finder, this is the appropriate review. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). However, we disagree with Employer's contention that it

was the only party to present evidence concerning Claimant's medical condition and find *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport, Inc.),* 150 Pa.Cmwlth. 431, 615 A.2d 993 (1992), distinguishable.

In *Tomczak,* the claimant sought benefits claiming a work-related disability. At the referee's hearing, the claimant testified and submitted the testimony of his treating physician. The employer, although presenting evidence as to whether the claimant was an employee or an independent contractor, did not present any evidence on the medical issue. The referee concluded that an employee relationship existed but rejected the claimant's medical testimony and denied benefits. On appeal, the Board affirmed holding that the referee rejected the claimant's medical evidence on credibility grounds.

On appeal this court agreed with Tomczak that the capricious disregard standard was applicable "because the claimant bore the burden of proof, the employer had presented no evidence on the medical questions involved, and yet the claimant was denied benefits." *Dana Corporation v. Workers' Compensation Appeal Board (Hollywood),* 706 A.2d 396, 398 (Pa.Cmwlth.1998). This court remanded the case for the referee to explain why he rejected the testimony of the claimant's medical experts.

■ In this case, Claimant testified as to her inability to return to work because of the continued pain and discomfort she experiences as a result of her work-related injury. Thus, we find the facts in this case to be more similar to those found in *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson),* 145 Pa.Cmwlth. 630, 604 A.2d 1127 (1992), rather than *Tomczak.* In *Victor's Jewelers,* the employer filed a termination petition and in support thereof presented the testimony of three doctors. The claimant "testified and outlined his present complaints of injuries but presented no medical testimony." *Id.* 604 A.2d at 1128. The referee denied the employer's petition and the Board affirmed. On appeal, this court determined that inasmuch as the claimant testified that back pain and numbness prevented his return to work, the proper review

was whether substantial evidence supports the referee's findings or whether an error of law was committed. Here, as in *Victor's Jewelers,* Claimant testified as to her inability to return to work because of pain and discomfort. As such, because both parties presented evidence, our review is limited to determining whether an error of law was committed or whether substantial evidence supports the WCJ's findings. *Id.*

■ Next, we will address Employer's argument that the WCJ erred in denying its termination petition. In order to obtain a termination of benefits, it is the employer's burden to prove that all disability related to a compensable injury has ceased. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.),* 550 Pa. 319, 705 A.2d 1290 (1997).

"In a case where the claimant complains of continued pain, this burden [in a termination proceeding] is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury. If the WCJ credits this testimony, the termination of benefits is proper." *Udvari* at 326, 705 A.2d at 1293.

■ In this case, the WCJ did not find the testimony of Dr. Burke credible. (F.F.12.) Moreover, he also found it equivocal. (F.F.8.) Whether a physician's testimony is equivocal is a question of law reviewable by this court. *Terek v. Workmen's Compensation Appeal Board (Somerset Welding & Steel),* 542 Pa. 453, 668 A.2d 131 (1995). In this case the WCJ determined that Dr. Burke's testimony was equivocal because:

> on the one hand he opined that claimant had fully recovered from her work injury of May, 18, 1992, and on the other hand he opined that claimant has a chronic pain syndrome of 'some sort'; that he was impressed by the 'sincerity of her recitation' of pain, giving credit to her complaints of pain; that her problem had become 'chronic in nature with possibly some type of

psychological influences'; that he was not able to state that her chronic pain syndrome was not work-related; that claimant's accident could have aggravated her pain syndrome. (F.F.No.8.)

■ We agree with Employer that viewing Dr. Burke's testimony as a whole, his testimony was not equivocal. Dr. Burke maintained throughout his deposition that Claimant's work related soft tissue injury to her hip had fully resolved itself. (R.R. at 43a, 44a.) Although Dr. Burke acknowledged that Claimant continued to experience pain, this does not make his testimony equivocal. The existence of a claimant's complaints of pain does not require the WCJ to find for the claimant. "A contrary conclusion would lead to the absurd result that a claimant could forever preclude the termination of benefits by merely complaining of continued pain." *Udvari* at 327, 705 A.2d at 1293.

Dr. Burke stated that Claimant's pain was not attributable to any orthopedic condition and that she had fully recovered from her work injury. (R.R. at 43a.) He was unsure as to what the cause of Claimant's pain was but he suspected that it was a rheumatologic condition. (R.R. at 44a, 45a,72a.) He also testified that the rheumatologic condition predated and was unrelated to her wok injury. (R.R. at 45a, 46a.) Although Dr. Burke stated that it was "certainly possible" that the contusion to her hip "may have for a period of time aggravated her underlying pain syndrome", answers given on cross-examination do not, as a matter of law, destroy the effectiveness of previous opinions expressed by a physician. *Hannigan v. Workmen's Compensation Appeal Board (Asplundh Tree Expert Co.)*, 151 Pa.Cmwlth. 252, 616 A.2d 764 (1992), *petition for allowance of appeal denied*, 535 Pa. 670, 634 A.2d 1118 (1993).

The testimony of Dr. Burke, when read as a whole is not equivocal. Even though Employers' medical expert presented unequivocal testimony that Claimant was fully recovered, Employer still had to convince the WCJ that its expert's unequivocal testimony was credible. Such was not the case, however. The WCJ also found that the testimony of Dr. Burke was not credible. He also found the testimony of Claimant credible. The WCJ is free to accept or reject the testimony of any witness, including medical witnesses in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth. 1995). Moreover, credibility determinations are solely within the province of the WCJ. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

■ In this case the WCJ determined that Claimant credibly testified that she continues to experience pain and discomfort as a result of her work related injury which prevents her from returning to her previous employment. (F.F.9, 12.) The WCJ also found the testimony of Dr. Burke that Claimant had fully recovered from her work-related injury not credible. Because the Employer had the burden of proving that Claimant had fully recovered from her work injury and the WCJ, who is the sole determiner of credibility, accepted the testimony of Claimant that she had not recovered from her injury and rejected the testimony of Dr. Burke that she had recovered, Employer failed to meet its burden and the order of the Board is affirmed.

### ORDER

NOW, June 23, 1998, the order of the Workers' Compensation Appeal Board at No. A96–1838, dated September 27, 1997, is affirmed.