# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Tufano,                                          :
                           Petitioner                  :
                                                       :
            v.                                         :      No.  803 C.D. 2021
                                                       :      Submitted:  February 11, 2022
Tammy L. Clause, P.C. (Workers'                        :
Compensation Appeal Board),                            :
                           Respondent                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                       FILED:  May 13, 2022


        Sandra Tufano (Claimant) petitions for review of an order of the Workers'
Compensation Appeal Board (Board), which affirmed the decision of the Workers'
Compensation Judge (WCJ) granting Tammy L. Clause, P.C.'s (Employer) petition
to modify compensation benefits (Modification Petition).   On appeal, Claimant
argues that the WCJ and Board erred by concluding that Claimant had reached
Maximum Medical Improvement (MMI) as of the date of her Impairment Rating
Evaluation (IRE) despite testimony from her treating orthopedist that she had not
met MMI.  Additionally, Claimant argues that Section 306(a.3) of the Pennsylvania

Workers' Compensation Act (Act),[1] 77 P.S. § 511.3, violates the Remedies Clause of the Pennsylvania Constitution.[2]  After review, we affirm.

## I.  Background

In February 2015, while employed as a paralegal, Claimant sustained a work-related soft tissue neck strain.  Reproduced Record (R.R.) at 105a.  Employer acknowledged Claimant's injury by issuing a Notice of Compensation Payable (NCP).  *Id.*

In April 2017, Claimant underwent an IRE per former Section 306(a.2) of the Act,[3] which was the applicable section of the Act at the time.  R.R. at 113a.  Claimant's IRE resulted in a whole-body impairment rating of less than 50%.  *Id.*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

[2] The Remedies Clause is the common reference to article I, section 11 of the Pennsylvania Constitution, which provides, in pertinent part: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

[3] Former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, read, in pertinent part:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . .  The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" . . . .  (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . .  If such determination results in an impairment rating less than fifty per centum impairment . . . the employe shall then receive partial disability benefits under clause (b) . . . .

Former Section 306(a.2)(1) of the Act, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by the Act.  "Clause (b)" referenced above provides for payment of partial disability for no more than 500 weeks.  Section 306(b)(1) of the Act, 77 P.S. §512(1), limits a claimant's receipt of partial disability benefits to 500 weeks.

As a result, Employer converted Claimant's disability status from temporary total disability (TTD) to partial disability. *Id.* On June 20, 2017, however, our Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017),[4] holding that the IRE provisions in former Section 306(a.2) of the Act violated the non-delegation doctrine of the Pennsylvania Constitution.[5] In response to the holding in *Protz II*, Claimant sought to reinstate her benefits from partial disability to TTD. R.R. at 105a. On October 3, 2017, the WCJ approved a stipulation between the parties reinstating Claimant's TTD status. *Id.*

In response to the *Protz II* decision and to reestablish the IRE process, on October 24, 2018, the General Assembly enacted Act 111, which took immediate effect. Act 111 replaced former Section 306(a.2), *formerly* 77 P.S. §511.2, with Section 306(a.3) of the Act, 77 P.S. § 511.3.[6] Section 306(a.3) of the Act reads, in pertinent part:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . . The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of American Medical Association "Guides to the Evaluation of Permanent Impairment," [(*the Guides*)] 6th edition (second printing April 2009) .

---

[4] Commonly referred to as *Protz II*.

[5] The Pennsylvania Constitution article II, section 1, states: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1. The Court reasoned that the General Assembly had delegated its legislative authority to the American Medical Association (AMA) and struck Section 306(a.2) in its entirety from the Act. *Protz*, 161 A.3d 827.

[6] Added by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. §511.3.

. . . (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than thirty-five per centum . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than thirty-five per centum impairment . . . the employe shall then receive partial disability benefits under clause (b) . . . .

Section 306(a.3) of the Act, 77 P.S. §511.3.

Subsequent to Section 306(a.3)'s enactment, on September 11, 2019, Claimant underwent an IRE with Dr. Lucian Bednarz (Bednarz) at Employer's request, as required under Section 306(a.3)(1) of the Act, 77 P.S. §511.3(1). R.R. at 109a. The IRE yielded an impairment rating of 6% whole body impairment. R.R. at 105a, 109a. Based on this impairment rating, Employer filed a Modification Petition seeking to change Claimant's disability status from TTD to partial disability. R.R. at 105a.

At the hearing before the WCJ, Employer presented Bednarz's deposition. Bednarz is board certified in physical medicine and rehabilitation. Bednarz testified that he is certified to perform IREs in Pennsylvania and that he conducted Claimant's September 11, 2019 IRE. R.R. at 106a. He testified that he used the Sixth Edition of *the Guides* Second Printing as required under the Act. R.R. at 105a. Bednarz was aware that Claimant had two surgeries in relation to her injury, the first in November 2017 and the second in June 2019. R.R. at 69a. He reviewed Claimant's various medical records, which included physical therapy records, physician records, chiropractic records, radiographic records, and the operative report and office notes from Dr. Mark Knaub (Knaub), Claimant's treating board-certified orthopedic surgeon. R.R. at 106a.

Bednarz opined that Claimant's June 2019 surgery was successful, basing his conclusion on Knaub's post operative notes showing that Claimant healed well.

4

R.R. at 106a. Bednarz determined that Claimant had reached MMI, concluding that a change would not be expected in Claimant's functional impairment in the immediate future, 12 months. *Id.* Based on Claimant's diagnoses and treatments, which included the cervical fusion, Bednarz concluded that MMI was reached clinically and that Claimant has a 6% whole body impairment rating. R.R. at 105a-06a.

Claimant presented Knaub's deposition. R.R. at 106a. Knaub performed Claimant's first surgery to treat her herniated disc and her second surgery to relieve symptoms related to the failure of fusion after the first surgery. R.R. at 9a. Knaub testified the second surgery, performed in June 2019, was successful radiographically, with a successful fusion. R.R. at 107a. Knaub reviewed the IRE conducted by Bednarz and opined that Claimant had not reached MMI as of the September 2019 IRE, because MMI typically does not occur after this type of cervical fusion until 12 to 18 months after surgery. *Id.*

At the hearing, Claimant testified that Knaub remained her treating physician. R.R. at 107a. She testified she continues to experience pain in her neck, traveling through her left shoulder and into her arm, which affects her ability to do things around the house and interferes with her ability to sleep. *Id.* She also indicated that she continues to utilize medications for pain. *Id.*

After the hearing, the WCJ concluded that Employer met its burden of proof under 77 P.S. §511.3(1) and granted Employer's Modification Petition. The WCJ "accept[ed] the testimony and opinion of [ ] Bednarz as more competent, credible, and worthy of belief," than the testimony of Knaub. R.R. at 108a. The WCJ found that "Knaub, while a well-respected orthopedist, is not qualified to perform IREs, nor was he familiar with the definition of MMI under the provisions of [*the Guides*]."

5

*Id.* The WCJ specifically rejected Knaub's testimony "in light of the more credible testimony of [ ] Bednarz, who is certified to do IREs in Pennsylvania." *Id.* Additionally, the WCJ rejected Claimant's constitutional argument and found that Claimant failed to meet her burden of proof to establish any constitutional challenge to Act 111. R.R. at 109a. Accordingly, the WCJ granted the Modification Petition, modifying Claimant's benefits from TTD to partial disability as of September 11, 2019, the date of Claimant's IRE. Claimant subsequently appealed to the Board.

The Board rejected Claimant's challenges on appeal. First, the Board rejected Claimant's argument that the WCJ erred by concluding Employer met its burden of proving Claimant had reached MMI. R.R. at 120a. The Board noted that the WCJ found the testimony of Bednarz to be credible and rejected Knaub's contrary opinion relative to Claimant's MMI. *Id.* The Board added that the WCJ is the ultimate fact finder, and because the WCJ's findings were supported by substantial, competent evidence, they are conclusive on appeal. *Id.* Second, the Board relied on this Court's prior decisions, including our decision in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co., LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), to reject Claimant's constitutional challenges to Section 306(a.3) of the Act. The Board noted that the *Pierson* Court rejected a similar constitutional argument to the one Claimant makes here, holding that the "[c]laimant's 'vested rights' have not been abrogated by" Section 306(a.3) of the Act. R.R. at 118a. (quoting *Pierson*, 252 A.3d at 1180).

Claimant now petitions this Court for review. In her petition, Claimant raises two issues. First, Claimant argues that the Board's order, which affirmed the WCJ's finding that Claimant had reached MMI as of September 11, 2019, was not supported by substantial, competent evidence. Second, Claimant asserts that Section 306(a.3)

6

of the Act, 77 P.S. 511.3, is unconstitutional as it deprives Claimant of a vested statutory right in violation of the Remedies Clause of the Pennsylvania Constitution. We disagree.

## II. Discussion

Our standard of review of a Board order limits us to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law or a violation of Board procedure has occurred, or whether constitutional rights were violated. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Petrisek)*, 640 A.2d 1266, 1268 (Pa. 1994). The findings of the WCJ can only be disturbed if there is no substantial evidence to support them. *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd. (Krawczynski)*, 305 A.2d 757 (Pa. Cmwlth. 1973). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Greenwich Collieries v. Workmen's Comp. Appeal Bd. (Buck)*, 664 A.2d 703 (Pa. Cmwlth. 1995). Determinations of credibility and the weight to be afforded evidence are the prerogative of the WCJ. *Vols v. Workmen's Comp. Appeal Bd. (Alperin, Inc.)*, 637 A.2d 711 (Pa. Cmwlth. 1994).

In her first argument, Claimant asserts the Board erred by affirming the WCJ's decision that Claimant reached MMI as of the date of her IRE. The WCJ accepted Bednarz's testimony as more credible than Knaub's testimony, finding that Claimant had reached MMI as of the date of the IRE. R.R. at 108a. The WCJ found that, while Knaub is a "well-respected orthopedist," he was not qualified to perform IREs and was not familiar with the definition of MMI in *the Guides*. *Id*. In addition, the WCJ found that Bednarz's testimony that Claimant's June 2019 surgery was successful was corroborated by radiographic evidence. *Id*. The WCJ did not accept Knaub's opinions as credible regarding Claimant not having reached MMI. *Id*.

7

Upon a review of the record, we conclude that there was substantial evidence to support the WCJ's findings and the Board's conclusions. Accordingly, the record supports the Board's order affirming the WCJ's decision.

In her second argument, Claimant asserts that Section 306(a.3) of the Act is unconstitutional because it violates the Remedies Clause of the Pennsylvania Constitution by depriving her of a vested right, *i.e.,* the continuation of her workers' compensation benefits. Specifically, Claimant argues that Employer was required to wait 104 weeks from the effective date of Section 306(a.3) of the Act before obtaining an IRE. Claimant relies on *Giant Eagle, Incorporated v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663 (Pa. Cmwlth. 2000), asserting that "[o]nce initiated, [w]orkers' [c]ompensation wage loss benefits are vested rights[,]" and that "[t]he language of the Remedies Clause protects every man's ability to recover for . . . tort or contract injuries," and "statutory law cannot retroactively affect a vested right." Claimant's Br. at 12-13 (citing *Konidaris v. Portnoff Law Associates, Ltd.*, 953 A.2d 1231 (Pa. 2008)).

As the Board noted, we recently addressed the issue of the retroactive application of Section 306(a.3) of the Act in *Pierson*, 252 A.3d 1169. In *Pierson*, the claimant argued that Section 306(a.3) of the Act could not be applied retroactively to affect the 500 weeks of benefits payable for partial disability by giving the employer credit for payments made before its effective date. *Pierson*, 252 A.3d at 1174-75. This Court disagreed and stated:

> While [c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of [Section 306(a.3) of the Act]. [Section 306(a.3) of the Act] simply

8

provided employers with the means to change a claimant's disability status from [TTD] to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits.

*Pierson*, 252 A.3d at 1179. Absent clear language to the contrary, statutes are to be construed to operate prospectively. *See City of Warren v. Workers' Comp. Appeal Bd. (Haines by Haines)*, 156 A.3d 371, 376 (Pa. Cmwlth. 2017) (citation omitted); *see also* 1 Pa. C.S. § 1926 ("No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."). Section 306(a.3) of the Act, however, manifests an intention by the General Assembly for its credit week provisions to be given retroactive effect. *See City of Allegheny v. Workers' Comp. Appeal Bd. (Butkus)*, 253 A.3d 1232, 1236–37 (Pa. Cmwlth. 2021); Section 3(2) of Act 111, Historical and Statutory Notes (specifying that "[f]or the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid **prior to the effective date of this paragraph**." (emphasis added)). Accordingly, in *Pierson*, we found that "the General Assembly made it clear in [Section 306(a.3) of the Act] that weeks of [TTD] and partial disability paid by an employer/insurer prior to the enactment of [Section 306(a.3) of the Act] count as credit against an employer's new obligations under [Section 306(a.3) of the Act]." *Pierson*, 252 A.3d at 1179.

As in *Pierson*, the enactment of Section 306(a.3) of the Act did not change Claimant's status, deprive her of any vested rights, or change the status of her workers' compensation benefits. Section 306(a.3) of the Act merely established a mechanism for Employer to seek modification of Claimant's disability benefits in the future. Accordingly, like in *Pierson*, we reject Claimant's constitutional challenge to Section 306(a.3) of the Act.

9

For the foregoing reasons, we affirm the order of the Board.


_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sandra Tufano, :
               Petitioner :
  :
        v. : No. 803 C.D. 2021
  :
Tammy L. Clause, P.C. (Workers' :
Compensation Appeal Board), :
             Respondent :

# **O R D E R**

**AND NOW**, this 13th day of May 2022, the June 4, 2021 Order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge