553 A.2d 1025

Norberto Serrano, Petitioner *v.* Workmen's Compensation Appeal Board (Chain Bike Corporation), Respondents.

Submitted on briefs July 12, 1988, to Judges Doyle and McGinley, and Senior Judge Kalish, sitting as a panel of three.

*Edward G. Ruyak,* with him, *Gilbert J. Negrete, Jr.,* for petitioner.

*Wilbur C. Creveling, Jr., Creveling* & *Creveling,* for respondent, Chain Bike Corporation.

OPINION BY JUDGE McGINLEY, January 30, 1989:

Norberto Serrano (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) affirming an order of the referee suspending Claimant's benefits as of August 8, 1983. We vacate and remand.

The referee had made the following findings of fact. Claimant was employed as a foreman on the rim line for Chain Bike Corporation (Employer), a bicycle manufacturer. While in the course of employment on March 2, 1982, Claimant sustained a compensable injury when he was squeezed or pinched between two machines he thought had been turned off. Claimant suffered internal injuries to his chest and stomach including a lacerated liver, lacerated gall bladder and contusions of the lung and chest wall resulting in a collapsed lung. Claimant's gall bladder was removed and his liver surgically repaired. On March 12, 1982, Claimant was discharged from the hospital.

David Shingles, M.D., (Dr. Shingles) a general practitioner, initially treated Claimant on March 26, 1982, after his first operation. On April 2, 1982, Claimant first notified Dr. Shingles that he was experiencing lower back pain. Claimant was again examined by various doctors in May and July 1983. Claimant was hospitalized from July 26-30, 1983, at which time he was discharged with a final diagnosis of chronic lower back strain. From March 30, 1983, to April 5, 1983, Claimant was again hospitalized for lower back pain which frequently extended downward through his legs. At that time Claimant underwent sur-

gery wherein several fragments of disc were removed from his lower back.

On July 7, 1983, at the request of Employer, Claimant was examined by Alfons J. Muller, M.D. (Dr. Muller) who subsequently prepared reports and an affidavit of recovery stating that Claimant was able to resume his time-of-injury occupation of foreman-mechanic without limitation as of July 22, 1983. On or about August 1, 1983, Claimant appeared at Employer's office and was given the opportunity to review Dr. Muller's conclusions. Claimant was advised by Employer that his pre-injury position was available to him. However, Claimant did not feel he could return to work because he was taking several medications and in fact has never returned to his pre-injury position.

Subsequent to the meeting with Employer, Claimant continued to complain of severe lower back pain and began experiencing severe psychological problems. On the advice of counsel, Claimant began seeing Richard J. Miller, Ph.D. (Dr. Miller), a clinical psychologist. Dr. Miller treated Claimant on a weekly basis from August 16, 1983, until at least March 11, 1986. Dr. Miller opined that Claimant suffered from chronic post-traumatic stress disorder with acute depression. Further, Dr. Miller opined that Claimant was experiencing a psychophysiologic reaction resulting from organic musculoskeletal type pain.

In addition to his psychological problems, Claimant was hospitalized several times for continued back problems. In December 1984, Claimant was hospitalized at the University of Pennsylvania Medical Center in Philadelphia at which time further tests were performed on his back. Claimant was diagnosed by Ronald J. Wisneski, M.D. (Dr. Wisneski) as suffering from arachnoiditis and several disc herniations at various levels of his spinal

column.[1] Claimant subsequently underwent two back operations in May 1985, in an attempt to correct the above injuries. However, Claimant continued to complain of intermittent severe lower back pain after the May 1985, operations.

Earlier, on August 9, 1983, Employer filed a petition for termination, suspension or modification of compensation payable to Claimant on the grounds that Claimant was offered a position commencing on August 8, 1983, which was within his limitations and without any loss or decrease of earnings. As discussed herein, the referee found on the basis of Dr. Muller's testimony that Claimant was able to return to his pre-injury position, that such an offer was made to Claimant, and that Claimant refused to return to work. Consequently, the referee granted Employer's petition and suspended Claimant's benefits as of August 8, 1983. The Board affirmed and Claimant appeals.

Claimant presents three issues for our review. First, Claimant contends the referee erred by concluding that the testimony and opinions of Dr. Miller, a clinical psychologist, were incompetent because he was not a medical doctor when his testimony concerned the psychological aspects of Claimant's disability. Second, Claimant contends the referee erred in holding that Employer had proven by competent, unequivocal medical evidence that Claimant's disability had ended and also that Employer failed to present evidence that the psychogenic and drug-dependency aspect of Claimant's disability had ended. Third, Claimant contends the referee erred in concluding that Claimant's pre-injury position was available and was offered to Claimant.

---

[1] Deposition of *Ronald J. Wisneski, M.D.*, October 17, 1985 (Wisneski Deposition) at 12-18.

Our scope of review in a workmen's compensation appeal where both parties have presented evidence is limited to a determination of whether constitutional rights have been violated, an error of law has been committed or whether any finding of fact was not supported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa. Commonwealth Ct. 356, 524 A.2d 550 (1987).

We need only address Claimant's first argument to find the referee erred in concluding that the testimony and opinions of Dr. Miller, a clinical psychologist, concerning Claimant's condition were incompetent. In his Conclusion of Law No. 5, the referee states: "Not being a qualified physician, the testimony and opinions of Richard J. Miller, Ph.D. as to the history, examination, treatment, diagnosis and cause of Claimant's condition are incompetent, within the meaning of Section 422 of the Act." Section 422 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834 states: "Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same."

In this controversy the referee stated in Finding of Fact No. 17: "Dr. Miller testified on May 3, 1984, rendering an opinion that Claimant at no time was able to have gainful employment during the course of his treatment due to chronic post-traumatic stress disorder with acute depression and potential suicidal features. ... " Dr. Miller also offered his opinion as to Claimant's "psycho-physiologic" reaction to musculoskeletal pain. However, Dr. Miller further testified that the "psycho-physiologic"

reaction was minor compared to the acute post-traumatic stress disorder and was not even worthy of mention.[2]

In *McDonough v. Workmen's Compensation Appeal Board (Commonwealth)*, 80 Pa. Commonwealth Ct. 1, 470 A.2d 1099 (1984), we reversed the Board and accepted the testimony of a clinical psychologist finding it to be unequivocal evidence of mental illness as a cause of an employee's disability. In accordance with *McDonough,* we conclude that the referee erred in holding Dr. Miller's testimony and opinion incompetent because Dr. Miller is not a physician.

Accordingly, we vacate the order of the Board and remand for consideration of Dr. Miller's testimony and opinion on a determination of the merits of the case.

## ORDER

AND NOW, January 30, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and remanded for consideration of Dr. Miller's testimony and opinion on a determination of the merits of the case.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.

---

[2] Deposition of *Richard J. Miller, Ph.D.*, May 3, 1984 (Miller Deposition) at 20, 23.