IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Myrna Edwards,                          :
                    Petitioner          :
                                        :    No. 891 C.D. 2015
            v.                          :
                                        :    Submitted: December 18, 2015
Workers' Compensation Appeal            :
Board (Department of Public             :
Welfare),                               :
                    Respondent          :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: April 1, 2016


        Myrna Edwards (Claimant) petitions for review of the May 19, 2015 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's reinstatement petition. For the reasons that follow, we vacate and direct a remand to the WCJ to issue a new decision that reassesses the credibility of Claimant's medical expert(s).

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

## Background

On June 3, 2009, Claimant fell and sustained a work-related injury to her lower back during the course and scope of her employment with the Department of Public Welfare (Employer). In a June 22, 2009 Notice of Compensation Payable (NCP), Employer accepted liability for a "cervical, thoracic and lumber strain." Claimant returned to work on a full-time basis in June 2009. (WCJ's Findings of Fact at Nos. 1-2.)

On September 22, 2009, Claimant filed a reinstatement petition alleging a worsening of her condition on September 22, 2009, and ostensibly seeking to amend the NCP to include additional injuries. In support, Claimant, among other evidence, submitted the deposition testimony of Paul Sedacca, M.D., who stated that Claimant's work-related injuries included chronic low back pain syndrome, radiculopathy, and coccydynia. By decision dated April 11, 2011, the WCJ denied Claimant's reinstatement petition, but amended the NCP to include coccydynia. The WCJ, however, declined to add the conditions of chronic low back pain syndrome and radiculopathy to the NCP. (WCJ's Findings of Fact at Nos. 1-2, 4)

On May 10, 2012, Claimant filed the instant reinstatement petition, alleging that her condition recurred and had worsened as of March 22, 2012, and requesting reinstatement of total disability benefits. Employer filed a timely answer denying the averments in the petition. (WCJ's Finding of Fact at No. 1.)

Before the WCJ, Claimant testified that she stopped working on March 22, 2012, because the pain in her back, buttocks, hip, thigh, and feet had gradually increased to the point where it became unbearable. Claimant stated that in accordance with her physician's directives, she did not work from March 22, 2012, through May 2012. According to Claimant, she is unable to return to work because

she cannot sit, stand, or walk due to ongoing pain in her back area and feet. (WCJ's Finding of Fact at No. 4.)

Claimant also presented the deposition testimony of Dr. Seddaca, a physician practicing internal medicine, who stated that he treats Claimant's lumbar disc pathology, a radiculopathy, and a coccydynia problem. Dr. Seddaca explained that after the first reinstatement petition was decided, it became more difficult for Claimant to sit for extended periods of time and he prescribed her a seat cushion. According to Dr. Seddaca, Claimant continued to complain of lower back pain with radiation into her legs, and he diagnosed her as suffering from bilateral radiculopathy. Dr. Seddaca stated that Claimant received pain injections into her lower back, but was not experiencing any relief, so she was placed on Lyrica therapy. Dr. Seddaca stated that Claimant is no longer suffering from or being treated for a cervical strain and opined that Claimant's increased pain was due to radiculopathy. (WCJ's Findings of Fact at No. 5.)

Claimant further submitted the deposition testimony of Ramon Manon-Espailla, M.D., who is a board-certified neurologist with a specialty in clinical neurophysiology. Dr. Manon-Espailla testified that the objective bases for Claimant's complaints of pain are her MRI studies depicting abnormalities and her EMG/nerve conduction study showing bilateral L5 radiculopathy. Ultimately, Dr. Manon-Espailla diagnosed Claimant with lumbar radiculopathy, which he opined was caused by Claimant's initial work-related fall on June 3, 2009. (WCJ's Finding of Fact at No. 7.)

In opposition, Employer presented the deposition testimony of Neil Kahanovitz, M.D., who is a board-certified orthopedic surgeon. Dr. Kahanovitz testified that he examined Claimant and reviewed objective test studies showing

longstanding degenerative disease in the cervical spine and mild degenerative disease in the lumbar and thoracic spine. Dr. Kahanovitz opined that Claimant had fully recovered from the thoracic, lumbar, and cervical strains and coccydynia, and he stated that Claimant is capable of returning to work without restrictions. Dr. Kahanovitz admitted that the EMG findings showed severe L5 radiculopathy, but he disagreed with the diagnosis proffered by Drs. Seddaca and Manon-Espailla that Claimant suffered post-traumatic lumbosacral radiculopathy. According to Dr. Kahanovitz, Claimant's symptoms were unrelated to her work injury. (WCJ's Finding of Fact at No. 7.)

By decision dated November 21, 2013, the WCJ denied Claimant's reinstatement petition. In so determining, the WCJ noted that there was no event in March 2012 that precipitated the worsening of Claimant's condition, such as trauma, and, aside from Claimant's subjective complaints of pain, there were no objective clinical findings to substantiate a worsening of Claimant's condition or that she could not continue working. The WCJ further noted that the accepted injuries in the NCP are limited to strains and sprains and do not include lumbar radiculopathy. The WCJ stated that the objective test studies and Dr. Kahanovitz's testimony demonstrate that Claimant's condition is degenerative in nature. (WCJ's Finding of Fact at No. 8.)

In dismissing Dr. Seddaca's expert opinion as "incompetent," the WCJ stated:

> It appears that the medical treatment [Claimant] is receiving now is directly attributable to her degenerative conditions in her spine and is unrelated to lumbar radiculopathy. The description of injury related to the June 3, 2009 work injury has been previously adjudicated [in the first reinstatement petition] and this WCJ did not amend the work injury diagnosis to include lumbar radiculopathy, as opined by Dr. Seddaca [during the proceedings on the first reinstatement

4

petition]. Therefore, pursuant to *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949 (Pa. Cmwlth. 2008), Dr. Seddaca's medical opinion is incompetent on the issue of lumbar radiculopathy and its relatedness to the work injury. Furthermore, a back strain is not the same as lumbar radiculopathy. *City of Philadelphia v. Workers' Compensation Appeal Board (Smith)*, 860 A.2d 215 (Pa. Cmwlth. 2004). This [WCJ] finds Dr. Seddaca's and Dr. [Manon-Espailla's] testimony neither credible nor convincing on the issue of worsening of [Claimant's] work injuries.

(WCJ's Finding of Fact No. 9.)

From this reasoning, the WCJ found the testimony of Dr. Kahanovitz to be more credible and convincing than the testimony of Claimant's medical experts. The WCJ credited Dr. Kahanovitz's opinions that there was no worsening of the condition suffered by Claimant and that Claimant's ongoing symptomatology is the result of her non-work-related conditions of spinal degeneration and lumbar radiculopathy. Based on these credibility determinations, the WCJ concluded that Claimant failed to establish that her June 3, 2009 work injury worsened as of March 22, 2012, and/or caused temporary total disability. The WCJ further concluded that Claimant failed to show that the previously adjudicated injuries of June 3, 2009, as reflected in the NCP, should be reviewed and/or revised. (WCJ's Finding of Fact at No. 10; Conclusions of Law at Nos. 2-3.)

Claimant then appealed to the Board, arguing that the WCJ applied the incorrect burden of proof and erred in denying the reinstatement petition. The Board disagreed, concluding that the WCJ, as fact-finder, properly rejected Claimant's medical evidence as not credible and, therefore, Claimant failed to carry her burden of proof. In addition, Claimant argued that the WCJ erred in relying on *Weney* and finding that Dr. Seddaca's medical opinion was incompetent. The Board agreed that *Weney* was a res judicata/collateral estoppel case and did not concern the legal

5

competency of a medical expert's opinion. Nonetheless, the Board concluded that the WCJ's characterization of Dr. Seddaca's opinion as incompetent was harmless error because "Claimant was barred by res judicata to expand the description of her injury to include lumbar radiculopathy." (Board's decision at 4-6.)

Claimant now appeals to this Court,[2] reiterating the arguments that she made before the Board.

## Discussion

### Burden of Proof

Claimant first argues that the Board erred in concluding that the WCJ applied the correct standard regarding the burden of proof in a reinstatement petition. Claimant asserts that under *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083 (Pa. 1994), she may meet her burden of proof in a reinstatement petition with her own credible testimony that her prior work-related injury continues. Claimant contends that the WCJ did not find her testimony to be incredible and apparently requests a remand for an express credibility determination by the WCJ.

In *Latta*, our Supreme Court stated:

> Given the nature of suspension status, which actually *acknowledges* a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant alone could easily satisfy his burden of establishing that his work-related injury continues. . . .

---

[2] Our scope of review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, and whether constitutional rights were violated. *DeGraw v. Workers' Compensation Appeal Board (Redner's Warehouse Markets, Inc.)*, 926 A.2d 997, 999 n.2 (Pa. Cmwlth. 2007).

6

[O]nce a claimant testifies that his prior work-related injury continues . . . the claimant's testimony, if believed by the [WCJ], is sufficient to support reinstatement of the suspended benefits.

*Id.* at 1085 (emphasis in original). The Supreme Court's statement, however, was qualified by the language in footnote 4, which reads:

Clearly, the degree of inquiry and the difficulty of establishing that a work-related injury continues in any given case is necessarily governed by the nature of the injury and the length of time that has passed since the claimant originally established the existence of the work-related injury. Where a relatively short period of time has elapsed and/or the injury is one that has obviously continued, a claimant's task is qualitatively simpler *than if a considerable period of time has elapsed and/or the injury is one that is less obvious.*

*Latta*, 642 A.2d at 1085 n.4 (emphasis added).

While Claimant is generally correct in her interpretation of *Latta*, this Court has subsequently held that in certain circumstances, a claimant must adduce medical testimony to establish causation in support of a reinstatement petition. *Sacred Heart Hospital v. Workers' Compensation Appeal Board (Mutis)*, 703 A.2d 577 (Pa. Cmwlth. 1997). In *Hinton v. Workers' Compensation Appeal Board (City of Philadelphia)*, 787 A.2d 453 (Pa. Cmwlth. 2001), this Court interpreted *Latta* as standing for the proposition that "a claimant is entitled to a presumption that his or her work-related injury still persists." *Id.* at 456 n.7. We have further explained that even though there is a presumption in suspension cases that the physical disability continues, "it is not presumed that the physical disability . . . is the cause of [the claimant's] present loss of earnings," *Serrano v. Workers' Compensation Appeal Board (Chain Bike Corp.)*, 718 A.2d 885, 890 (Pa. Cmwlth. 1998), and "the burden

7

does remain with [the] claimant to affirmatively establish that it is the work-related injury which is causing his or her present disability." *Hinton*, 787 A.2d at 456.

In *Sacred Heart Hospital*, the claimant suffered a back injury in October of 1988, returned to work in February of 1990, sustained an injury to her back in April of 1993, and later filed a reinstatement petition. The WCJ found no obvious causal connection between the claimant's prior injury and the incident occurring in April of 1993 and, therefore, denied the reinstatement petition on the basis that Claimant failed to produce any medical testimony in support of her petition. On appeal, the Board reversed, concluding that unequivocal medical evidence is not necessary for a claimant to establish that the original work-related injury continues. Having concluded that the claimant's testimony, alone, satisfied her burden of proof, the Board reversed the WCJ and granted the reinstatement petition.

On further appeal to this Court in *Sacred Heart Hospital*, we reversed the Board and concluded that the WCJ applied the correct burden of proof and that medical evidence was necessary. In doing so, we quoted footnote 4 from *Latta* and noted that the claimant testified that there was no specific incident which precipitated her back pain in 1993 and that it gradually increased through time. We determined that the claimant's testimony surrounding her back condition in April of 1993 did not establish a causal connection between the 1988 work-related injury and the 1993 disability and noted that the claimant's reinstatement petition was filed five years after the initial injury occurred. In this context, where there was no obvious causal connection between the original and subsequent injury, we concluded that it was the claimant's burden to affirmatively establish that the work-related injury caused her present disability with medical expert testimony.

8

Here, as in *Sacred Heart Hospital*, Claimant's testimony is insufficient to establish a causal link between the injuries listed in the NCP – cervical, thoracic, and lumber strain, and coccydynia – and her current or "new" injury of radiculopathy. *See Hinton*, 787 A.2d at 456; *Serrano*, 718 A.2d at 890. *See also Holland v. Workers' Compensation Appeal Board (SEPTA)*, (Pa. Cmwlth., No. 615 C.D. 2008, filed September 24, 2008) (unreported decision, Leadbetter, P.J., concurring), slip op. at 2-3 (concluding that expert medical testimony is needed when "reinstatement is sought on the basis that the claimant's medical condition has *changed* [because] the new medical condition and its causal connection to claimant's work-related injury have not been previously established.") (emphasis in original).[3] Indeed, Claimant's testimony does not provide a direct connection between her original work injuries and current injury and fails to prove that her original work injuries continued; in fact, Dr. Seddaca testified that Claimant is no longer being treated for her original work injuries. Like the WCJ in *Sacred Heart Hospital*, here, the WCJ found there was no event in March of 2012 that precipitated the exacerbation of Claimant's work injury and Claimant's testimony merely evidences a gradual worsening of pain in her lower back area. (WCJ's Findings of Fact at Nos. 4-8.) Moreover, 2 years and 9 months have passed from the date of Claimant's original work injuries to the currently alleged worsening of her injuries and there is no obvious connection between the injuries listed in the NCP and radiculopathy. *See also City of Philadelphia v. Workers' Compensation Appeal Board (Smith)*, 860 A.2d 215, 223 (Pa. Cmwlth. 2004) ("A lower back strain is not the same as . . . lumbar radiculopathy. They are separate and discrete conditions."). Following our decision in *Sacred Heart Hospital*,

---

[3] Unreported panel decisions issued after January 15, 2008 may be cited for their persuasive value, but not as binding precedent. 210 Pa.Code §69.414.

we conclude that the WCJ applied the correct burden of proof and that Claimant was required to adduce medical expert testimony to demonstrate causation because her testimony was insufficient to establish a causal connection between her original work injuries and radiculopathy. Therefore, Claimant's first argument fails on the merits.

**Res Judicata and Collateral Estoppel**

Claimant next argues that the Board and WCJ erred in discounting Dr. Seddaca's testimony on grounds of res judicata and collateral estoppel. Claimant contends that she experienced a change of condition and that the second reinstatement petition differs in kind and nature from the first reinstatement petition, particularly the time frame in which the disability is alleged to have occurred.

The doctrine of collateral estoppel, often referred to as issue preclusion, "forecloses relitigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 632 A.2d 1302, 1304 (Pa. 1993). Stated otherwise, collateral estoppel is "designed to prevent relitigation of issues which have once been decided and have remained substantially static, factually and legally." *C.D.G., Inc. v. Workers' Compensation Appeal Board (McAllister)*, 702 A.2d 873, 875 (Pa. Cmwlth. 1997). Collateral estoppel applies where:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

*Pucci v. Workers' Compensation Appeal Board (Woodville State Hospital)*, 707 A.2d 646, 648 (Pa. Cmwlth. 1998).

10

However, collateral estoppel does not apply when different issues are presented in the proceedings. *C.D.G.*, 702 A.2d at 876. In *C.D.G.*, this Court explained that:

> [I]n situations where a party has filed a subsequent petition, we have held that there has to be more than the mere passage of time for collateral estoppel not to apply. A party seeking to alter benefits must prove that there has been a change in physical condition since the last legal proceeding addressing the nature and extent of the injury. For example, when a claimant seeks reinstatement of benefits after termination, the claimant is required to establish by precise and credible evidence that the disability has increased or recurred and must show that his physical condition has actually changed in some manner.

*Id.*

"Res judicata or claim preclusion is when a former judgment bars a later action proceeding on all or part of the very claim which was the subject of the former." *C.D.G.*, 702 A.2d at 876 n.5.

> In a line of workmen's compensation cases . . . we consistently have held that claim preclusion does not operate to bar a second claim petition which alleges a date of disability later than that alleged in the first claim petition. There is no identity of causes of action in such situations because the subject matter and the ultimate issues of the two claim petitions, being based upon different time periods, are not identical. The state of the claimant's health at a given time is the subject matter of any claim petition alleging disability, and the ultimate issue is whether or not the claimant is disabled within the meaning of the act at the time alleged in the petition. The issue of a claimant's disability is not static.

*Id.* at 877 n.6 (citations omitted).

In *National Fiberstock Corporation v. Workers' Compensation Appeal Board (Grahl)*, 955 A.2d 1057 (Pa. Cmwlth. 2008), the claimant received benefits for

a work-related injury in 1994, and the employer petitioned to terminate the benefits as of October 20, 1997. On March 27, 2002, the WCJ found that the claimant had fully recovered from her work-related injury on October 20, 1997, and granted the termination petition. The claimant appealed to the Board which affirmed. Thereafter, on February 2, 2005, the claimant filed a reinstatement petition and alleged that as of January 3, 2005, she suffered a recurrence of her work-related disability in the nature of a worsening of her condition. The employer denied the allegations.

The WCJ granted the reinstatement petition, and the Board affirmed. The employer raised the issue of res judicata and collateral estoppel and asserted that the claimant testified that she continued to have the same symptoms since she stopped working for the employer in 1994. The employer contended that, because the claimant was found to have been fully recovered on October 20, 1997, the claimant was essentially attempting to relitigate the issues in the termination petition.

On appeal, this Court in *National Fiberstock* determined that the claimant's reinstatement petition was not barred by res judicata or collateral estoppel. We elucidated:

> The ultimate and controlling issue decided in [the employer's] termination petition was whether [the claimant] was fully recovered from her work-related injury, and she was found to be fully recovered as of October 20, 1997. The ultimate controlling issue in [the claimant's] reinstatement petition, the matter before us, is whether her work injury recurred as of January 3, 2005. These issues are not identical because they involve factual questions about [the claimant's] condition at two unrelated time periods. In short, [the claimant's] reinstatement petition is not barred by res judicata or collateral estoppel.

*National Fiberstock*, 955 A.2d at 1061-62.

12

Here, in the first review/reinstatement proceedings, the WCJ declined to correct the NCP to add radiculopathy, finding that Claimant did not sustain radiculopathy *at the time when she was first injured or when the NCP was issued*. (*See* WCJ's First Decision at Finding of Fact Nos. at 6, 9, 11, 12; Conclusion of Law Nos. 1, 4.) *See also Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008) ("[A] WCJ is authorized to modify an NCP . . . if it is established the NCP was materially incorrect when issued and the claimant, who has the burden, establishes she suffered additional work-related injuries. However, the WCJ does not have the authority under this approach to include injuries that developed over time as a result of the injury; instead, only injuries that existed at the time the NCP was issued may be addressed.") (citations omitted). After the WCJ rendered her April 11, 2011 decision in the first reinstatement proceedings, Claimant worked for Employer on a full-time basis, (*see* WCJ's Finding of Fact at No. 4), until March 22, 2012, and filed the instant reinstatement petition, asserting that she sustained *a worsening of her condition as of March 22, 2012*.

During the second reinstatement proceedings, Dr. Seddaca testified that Claimant recently experienced intolerable pain and explained that, along with the aging process, people who have permanent disc injuries like Claimant will suffer "increased pain in the back [and] the coccyx region because of the radiculopathy." (WCJ's Finding of Fact at No. 5.) In terms of questions of law and fact, the issue of whether Claimant suffered from radiculopathy at the time she was originally injured on June 3, 2009, is materially distinguishable and markedly different from the issue of whether Claimant subsequently developed, through a gradual worsening of her original condition, radiculopathy on March 22, 2012. Moreover, the ultimate issues

13

concerning Claimant's diagnosis of radiculopathy concern two distinct time periods – when she was first injured on June 3, 2009, and her status and condition on March 22, 2012. Pursuant to *National Fiberstock*, we conclude that the doctrines of res judicata and collateral estoppel do not bar Dr. Seddaca's testimony

Consequently, there was no legal basis for the WCJ to discount Dr. Seddaca's testimony as "incompetent" on grounds of res judicata or collateral estoppel. A fair reading of the WCJ's Finding of Fact No. 9 reveals that the WCJ found Dr. Seddaca's testimony incredible, in large part, because she believed that his testimony was unworthy of credence as a matter of law. On the record before us, we cannot conclude that the WCJ would have made the same credibility determination absent this error. *See also US Steel Mining Co., LLC v. Workers' Compensation Appeal Board (Sullivan)*, 859 A.2d 877, 833 (Pa. Cmwlth. 2004) (explaining that "the WCJ's reliance upon incompetent medical evidence plainly could not be severed from the WCJ's credibility determination;" accordingly, the WCJ's reliance upon the incompetent testimony to render a credibility determination was not "harmless error."). Therefore, we will vacate the Board's order and remand the case to the Board with instructions to remand to the WCJ. On remand, the WCJ shall issue a new decision that reassesses the credibility of Dr. Seddaca's testimony and, if necessary, the testimony of Claimant's other medical expert, Dr. Manon-Espailla.

**Conclusion**

For the above-stated reasons, we conclude that under the circumstances of this case, the WCJ applied the correct burden of proof with regard to Claimant's reinstatement petition. We further conclude that the Board and the WCJ erred in determining that Dr. Seddaca's testimony was "incompetent" and/or barred by res

14

judicata or collateral estoppel. Therefore, we vacate the Board's order and direct a remand to the WCJ in order for the WCJ to reevaluate the credibility of Dr. Seddaca's testimony – and, if necessary, the testimony of Dr. Manon-Espailla – and to issue a new decision that reflects the new credibility determination(s).


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Myrna Edwards, | : | |
| Petitioner | : | |
| | : | No. 891 C.D. 2015 |
| v. | : | |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Department of Public | : | |
| Welfare), | : | |
| Respondent | : | |

## _ORDER_

AND NOW, this 1st day of April, 2016, the May 19, 2015 order of the Workers' Compensation Appeal Board (Board) is vacated and the case is remanded to the Board with instruction to remand to the Workers' Compensation Judge (WCJ). On remand, the WCJ shall render a new credibility determination with respect to Dr. Seddaca's testimony and shall issue a new decision reflecting that credibility determination.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge